**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANNA THERESA BALASH,

                                        Plaintiff,                    1:22-cv-01120 (BKS/DJS)

v.

THE BANK OF NEW YORK MELLON TRUST
COMPANY, NATIONAL ASSOCIATION F/K/A THE
BANK OF NEW YORK TRUST COMPANY, N.A. AS
SUCCESSOR TO JP MORGAN CHASE BANK N.A. AS
TRUSTEE FOR RAAC2006-SP2; MORTGAGEIT, INC.;
MCCABE, WEISBERG & CONWAY LLC; MAX
NICOLAS ZACKER ESQ.; and DOES 1–100,

                                        Defendants.

**Appearances:**

*Plaintiff Pro Se:*
Anna Theresa Balash
Astoria, New York

*For Defendants The Bank of New York Mellon Trust Company, National Association f/k/a The
Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee
for RAAC 2006SP2 and MortgageIT, Inc.:*
Adam P. Hartley
Greenberg Traurig, LLP
One Vanderbilt Ave.
New York, New York 10017

*For Defendant McCabe, Weisberg & Conway, LLC:*
Kenneth Britt
McCabe, Weisberg & Conway, LLC
1 Huntington Quadrangle, Suite 4N25
Melville, New York 11747

*For Defendant Max Nicholas Zacker, Esq.:*
Paul G. Ferrara
Costello, Cooney & Fearon, PLLC
211 West Jefferson Street
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Anna Theresa Balash, acting pro se, filed this action alleging that Defendants engaged in fraudulent conduct in connection with a foreclosure action in New York State Columbia County Supreme Court against the premises located at 222-224 Robinson Street, Hudson, New York ("the premises").[1] (Dkt. No. 1, at 10). Plaintiff names as Defendants: The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee for RAAC 2006SP2 ( "BNYM"); MortgageIT, Inc. ("MIT"); McCabe, Weisberg & Conway LLC; Max Nicholas Zacker, Esq.; and Does 1–100. (Dkt. No. 1). Plaintiff asserts claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §  1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (*Id.* at 12). Plaintiff also brings state law claims for declaratory judgment, injunctive relief, "lack

---

[1] In addition to this case, Plaintiff has filed two cases in, and removed two cases to, the Northern District of New York: *Balash v. U.S. Bank National Association ("Balash I")*, 23-cv-00614 (AMN/DJS) (N.D.N.Y. filed May 22, 2023); *U.S. Bank National Association v. Ioannides et al. ("Balash II")*, 23-cv-00233 (AMN/DJS) (N.D.N.Y. removed Feb. 22, 2023) (Notice of Removal filed by Anna Theresa Balash); *LoanCare, LLC v. Balash ("Balash III")*, 23-cv-00025 (GLS/DJS) (N.D.N.Y. removed Jan. 9, 2023); and *Balash-Ioannidou v. Contour Mortgage Corporation et al. ("Balash IV")*, 22-cv-00807 (GLS/DJS) (N.D.N.Y. filed Aug. 1, 2022). *Balash II* was remanded to state court on the grounds that, inter alia, removal was untimely and the state court complaint lacked claims under federal law. Text Order, *Balash II*, 23-cv-00233, (N.D.N.Y. Mar. 8, 2023), ECF No. 9. *Balash III* was remanded to state court on the ground that, inter alia, the removal was procedurally insufficient. Text Only Order, *Balash III*, 23-cv-00025, (N.D.N.Y. Jan. 13, 2023), ECF No. 5.

Plaintiff has also filed two cases in, and removed one case to, the Eastern District of New York: *Balash v. Wilmington Savings Fund Society, FSB ("Balash V")*, 1:23-cv-02482 (E.D.N.Y. filed Mar. 31, 2023); *Wilmington Savings Fund Society v. Balash-Ioannidou ("Balash VI")*, 1:22-cv-07177 (E.D.N.Y. removed Dec. 6, 2022); and *Balash-Ioannidou v. Contour Mortgage Corporation et al. ("Balash VII")*, 1:22-cv-04506 (E.D.N.Y. filed July 22, 2022). *Balash VI* was remanded on the grounds of improper removal. Order of Remand, *Balash VI*, 22-cv-07177 (E.D.N.Y. Dec. 9, 2022), ECF No. 5. *Balash VII* was dismissed under *Younger v. Harris*, 401 U.S. 37 (1971), on abstention grounds. Memorandum & Order, *Balash VII*, 22-cv-4506 (E.D.N.Y. Aug. 15, 2022), ECF No. 9.

2

of consideration," "accounting," unjust enrichment, and unclean hands. (*Id.* at 20–25). Presently

before the Court are the following motions: Defendants BNYM and MIT's motion to dismiss the

Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction

and 12(b)(6) for failure to state a claim, (Dkt. No. 14); Defendant McCabe, Weisberg & Conway,

LLC's motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6), (Dkt. No. 55);

Plaintiff's motion to amend the complaint, (Dkt. No. 66); and Plaintiff's motion for service by

publication, (Dkt. No. 34). With the exception of McCabe, Weisberg & Conway's motion, to

which Plaintiff did not respond, the motions have been fully briefed. (Dkt. Nos. 46, 67, 71, 75,

77, 83).[2] For the following reasons, Defendants' motions to dismiss are granted and Plaintiff's

motions are denied.

## II.   MOTION TO AMEND THE COMPLAINT

With her motion to amend, Plaintiff has submitted a proposed amended complaint in

which she seeks to proceed "by interpleader" under Rule 22, asserts many of the same claims as

the original complaint,[3] and appears to abandon her claims against "Does 1–100," who are not

named therein. (Dkt. No. 66, at 15–36). Defendants MIT, BNYM, and Zacker argue that

amendment would be futile and cannot save Plaintiff's claims from dismissal. (Dkt. No. 75, 77).

In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ.

P. 15(a)(2). "District courts in this Circuit have repeatedly explained that, when faced with an

amended complaint, they may either deny a pending motion to dismiss as moot or consider the

---

[2] Although Defendant Zacker did not move to dismiss the original complaint, he opposed Plaintiff's motion for leave to file an amended complaint. (Dkt. No. 75).

[3] The proposed amended complaint removes Plaintiff's claims under the FDCPA and FCRA as a formal cause of action. (*Compare* Dkt. No. 1, at 18–19 ("Count Two Notice of Sale and Attempted Foreclosure Violates 15 U.S.C. § 1692 et seq., and 15 U.S.C. § § 1681 et seq."); *with* Dkt. No. 66, at 29 (redline version of proposed amended complaint showing deletion of the "Count Two" FDCPA and FCRA cause of action)). In an abundance of caution, in light of Plaintiff's pro se status, the Court nevertheless considers these claims as asserted in the original complaint.

merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).

Since Defendants have had a full opportunity to respond to the proposed amendment,[4] the primary allegations remain the same,[5] and Plaintiff is proceeding *pro se*, the Court considers the merits of the motions to dismiss in light of the proposed amended complaint. If the claims in the proposed amended complaint cannot survive the motion to dismiss, then Plaintiff's motion to amend will be denied as futile. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." (citation omitted)), *abrogated on other grounds by Knick v. Twp. Of Scott, Pa.*, 139 S. Ct. 2162 (2019).

## III.  MATERIAL OUTSIDE THE PLEADINGS

Defendants MIT and BNYM have submitted the state court Judgment of Foreclosure and Sale in support of their motion. (Dkt. No. 14-3). McCabe, Weisberg & Conway has submitted an unsigned declaration by one of its attorneys, Kenneth Britt, outlining the events that led to the Judgment of Foreclosure, (Dkt. No. 55-1), as well as the "Note and Mortgage" that were the subject of the Judgment of Foreclosure, the Notice of Pendency, Summons and Complaint filed with the Office of the Clerk of Columbia County, the February 16, 2016 Order of Reference, and

---

[4] Defendant McCabe, Weisberg & Conway has not filed a response to Plaintiff's motion to amend. However, as the principal difference between the proposed amended complaint and the original complaint is Plaintiff's request to proceed by interpleader and the substance and facts alleged in support of the legal claims are largely the same, the Court applies the arguments Defendant McCabe, Weisberg & Conway advances in its motion to dismiss to the proposed amended complaint.

[5] The proposed amended complaint contains additional allegations and characterizations, but few additional facts. (*See, e.g.*, Dkt. No. 66, at 21 (adding allegation that: "The 'state court,' acting as a private entity and not a court, rejected Claimant's arguments in conspiracy against the equitable rights of Claimant to her property.")).

the Notice of Sale.[6] (Dkt. Nos. 55-1, 55-2, 55-3, 55-4, 55-5, 55-6). Plaintiff has attached a number of exhibits to the original complaint and proposed amended complaint. (Dkt. No. 1, at 27–42; Dkt. No. 66, at 63–80).

As an initial matter, because the Court may refer to evidence outside the pleadings in considering a Rule 12(b)(1) motion to dismiss, *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021), to the extent these submissions are relevant to the application of the *Rooker-Feldman* doctrine, the Court may consider them. However, to the extent the parties seek the Court's consideration of these submissions in connection with the Rule 12(b)(6) motions, further analysis is required.

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted)). A contract that forms the

---

[6] Defendant McCabe, Weisberg & Conway also filed the Referee's Deed, recorded on October 4, 2022, (Dkt. No. 55-7), but as that document is also attached to the original complaint, (Dkt. No. 1, at 39–41), the Court may properly consider it.

basis of a plaintiff's claims may, for example, be integral to a complaint for breach of contract. *See*, *e.g.*, *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 107–08 (2d Cir. 2021).

However, even where a document is integral to the complaint, it must be "clear" that "no dispute exists regarding the authenticity or accuracy of the document" and that "there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner*, 463 F.3d at 134. "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Nicosia*, 834 F.3d at 231 (quoting Fed. R. Civ. P. 12(d)).

The Judgment of Foreclosure, the Notice of Pendency, Summons and Complaint filed with the Office of the Clerk of Columbia County, the February 16, 2016 Order of Reference, and the Notice of Sale, are publicly filed documents and thus the proper subject of judicial notice. However, judicial notice is limited to "the fact of such litigation and related filings" and the Court does not consider those documents "for the truth of the matters asserted in the other litigation." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A.*, Inc., 146 F.3d 66, 70 (2d Cir. 1998) (quoting *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)); *see also Hobby Lobby Stores, Inc. v. Christie's Inc.*, 535 F. Supp. 3d 113, 115 n.2 (E.D.N.Y. 2021) (taking "judicial notice of the government's complaint in the related civil forfeiture action, and statements made on the record in that proceeding") (internal citation omitted).

The "Note and Mortgage" Defendant McCabe, Weisberg & Conway filed are referenced in Plaintiff's original complaint. (Dkt. No. 1, at 15). However, Plaintiff also alleges in the original complaint that the mortgage transaction differed from the "Promissory Note and

Mortgage" documents Plaintiff received at closing, (*see id.* (alleging that "[t]he truth of the actual transaction varies from the format of the unilateral documents produced by [MIT]")). Construed liberally, this allegation is sufficient to raise a dispute as to authenticity and veracity of these documents. Accordingly, the Court declines to consider them in connection with Defendants' motion to dismiss under Rule 12(b)(6). *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 416 & n.4 (S.D.N.Y. 2010) (declining to consider note and mortgage in light of the plaintiffs' objections to the authenticity of the documents even though the plaintiffs' objections appeared "less than genuine").

Finally, the declaration by Attorney Kenneth Britt contains facts outside those alleged in the original complaint and proposed amended complaint and is neither integral to the complaint nor subject to judicial notice. Accordingly, the Court declines to consider it in connection with Defendants' motions to dismiss under Rule 12(b)(6).

## IV.    BACKGROUND

### A.    Facts[7]

"Plaintiff owns the property located at 222-224 Robinson Street, Hudson, New York" ("the premises"). (Dkt. No. 1, at 15). On or about October 13, 2006, Plaintiff made a formal loan application for a residential mortgage loan to [MIT]" in connection with the premises. (*Id.*). MIT failed to disclose that the loan application "granted power of attorney over her estate to the

---

[7] The facts are drawn from (1) the complaint, (2) the proposed amended complaint, (3) Plaintiff's opposition to Defendants' motions, to the extent the submission is "consistent with the allegations of the plaintiff's complaint," *see Crum v. Dodrill*, 562 F. Supp. 2d 366, 373–74 & n.13 (N.D.N.Y. 2008); *see also Santana v. City of N.Y.*, No. 15-cv-6715, 2018 WL 1633563, at *4, 2018 U.S. Dist. LEXIS 53865, at *9–11 (S.D.N.Y. Mar. 29, 2018) (considering new factual allegations in pro se plaintiff's opposition to a Rule 12(c) motion to dismiss), and (4) the litigation facts of which the Court has taken judicial notice from Plaintiff's state court foreclosure action, *see Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). The Court assumes the truth of, and draws reasonable inferences from, Plaintiff's well-pleaded factual allegations.

purported 'Lender' who was in fact nothing more than a securities intermediary." (*Id.*). At the closing, Plaintiff received "a Promissory Note and Mortgage to secure the collateral pending its assignment to and for the account of the Department of the Treasury." (*Id.*). Although the "unilateral documents" that MIT "produced" "appear to imply that a loan was made from" MIT's "accounts," "in reality the note was a 'Security.'" (*Id.*). Plaintiff alleges that it was not disclosed that "the source of the funds for the transaction came into the United States as an American Depositary Receipt drawn against the estate of Plaintiff," and that BNYM monetized the "Depositary Receipt" and "then placed in a demand deposit as a cash item." (*Id.*). "At no time did the Defendants actually 'Loan' money from an existing account, rather they extended credit on account through the London Interbank Exchange and conversion to an American Depositary Receipt without disclosure." (*Id.* at 16). "Plaintiff cannot account for the alleged outstanding balance" and contends an expert witness is necessary to "correctly decipher the application of all on or off balance sheet entries in relation to." (*Id.* at 17). "Plaintiff is informed and believes that Defendants have . . . entered into numerous credit enhancement, special insurance, credit default swaps or derivative contracts effectively betting on the failure of Plaintiffs [sic] alleged loan." (*Id.*).

On or about July 15, 2012, BNYM "commenced a fraudulent foreclosure action by filing with the Clerk of Supreme Court, County of Columbia a Summons & Complaint." (Dkt. No. 1, at 12–13). BNYM alleged that it had been assigned the mortgage in 2010, and that Plaintiff had not made installment payments since January 1, 2010. (Dkt. No. 55-3, at 11–15). "On or about July 25, 2012 a Notice of Pendency was filed and upon information and belief was extended by said Defendants on or about January 13, 2015." (Dkt. No. 1, at 13). On December 1, 2015, BNYM, represented by Defendant law firm, McCabe, Weisberg & Conway, P.C., moved for an

order "appointing a Referee to compute the sum due and owing" to BNYM. (Dkt. No. 55-4, at 2–3). In January 2016, Plaintiff "filed an opposition to [BNYM's] motion for Order of Reference." (Dkt. No. 1, at 13). This was Plaintiff's "first appearance . . . in the foreclosure action." (*Id.*).

On February 16, 2016, the Columbia County Supreme Court entered an order of reference, referring the action to Max N. Zacker, Esq., also a Defendant in this case, to compute the amount owed to BNYM and to examine and report whether the premises "can be sold in parcels." (Dkt. No. 55-4, at 5). In entering this order, the state court denied Plaintiff's "application to adjourn" BNYM's motion for a referee, noting that Plaintiff remained in default. (*Id.*).

"On or about May 27, 2016, [BNYM] filed a Motion for Judgement of Foreclosure & Sale." (Dkt. No. 1, at 13). The Columbia County Supreme Court "summarily rejected Plaintiff's arguments" and granted BNYM's motion without addressing "the true nature of the fraudulent transaction,"[8] and "the sale of the premises was scheduled for November 2, 2016." (*Id.*; Dkt. No. 55-5).

On November 3, 2016, Plaintiff, who by then was represented by counsel, filed an emergency motion seeking to "stay the sale, to renew and reargue." (Dkt. No. 1, at 13). The Columbia County Supreme Court issued a temporary stay but subsequently denied Plaintiff's motions. (*Id.* at 14). The sale of the premises was scheduled for July 27, 2017. (*Id.*).

On July 21, 2017, Plaintiff, who had appealed the Judgment of Foreclosure, filed an emergency motion to stay the sale of the premises. (*Id.*). On July 26, 2017, the Appellate Division, Third Department granted Plaintiff's motion to stay the July 27 sale "pending the determination of the motion." (*Id.* at 33). On December 21, 2017, Plaintiff's "Appeal was

---

[8] A Judgment of Foreclosure and Sale was entered on August 5, 2016. (Dkt. No. 1, at 27).

ultimately denied." (*Id.* at 14); *see Bank of New York Mellon Tr. Co., Nat'l Ass'n v. Balash*, 156 A.D.3d 1203, 1204 (3d Dep't 2017).

In early 2018, Plaintiff discovered that, despite the Third Department's stay, the "7/27/17 sale [of the premises] did go through." (Dkt. No. 1, at 14, 36). However, a December 27, 2017 title search showed "no deed was recorded by Defendants after the purported sale." (*Id.* at 14). According to Plaintiff, the premises were sold on July 27, 2017 for $500.00. (Dkt. No. 66, at 23, 79 ("Foreclosure Action Surplus Monies Form" dated July 27, 2017, and completed by Defendant Zacker indicating the sale price of the property was $500.00 and that the purchaser was Defendant McCabe, Weisberg & Conway)).

"On October 4, 2022, Defendants recorded a fraudulent, counterfeit and altered referee's deed dated originally 7/27/2017 and falsified to reflect a date of 8/16/2017." (Dkt. No. 1, at 14, 39–41). Defendants scheduled a second auction and sale of the premises for October 31, 2022 even though the property was allegedly "acquired by Ocwen." (Dkt. No. 66, at 23, 77).

### B.    Claims in Original Complaint and Proposed Amended Complaint

Plaintiff filed this action on October 28, 2022 and alleges the following causes of action in the original complaint against all Defendants: (1) declaratory judgment striking "[t]he altered deed filed with the Columbia County Clerk on October 4, 2022" from the county record and declaring the "judgment of foreclosure and sale . . . void for want [of] jurisdiction and Defendant's lack of standing to foreclose" and that "[t]he underlying mortgage transaction is usurious and constitutes fraud in the factum and is void"; (2) violation of the FDCPA, 15 U.S.C. §§ 1692(d)(4), 1692(e)(2)(A), 1692(e)(5), 1692(e)(10), based on the "notice of sale and attempted foreclosure," including the "publication of Plaintiff's family home for sale in the local newspaper and public auction website"; (3) continued reporting of "negative information to the credit bureaus," in violation of the FCRA, 15 U.S.C. § 1681(a); (4) injunctive relief enjoining

Defendants from "taking possession of the Property" and from "the unlawful sale of Plaintiff's home without a valid deed and security interest," which was "scheduled to be held with Altisource Online Auction, Inc. on October 31, 2022"; (5) "lack of consideration" as to Defendants in connection with the "Promissory Note allegedly signed at the closing on November 29, 2005"; (6) "accounting" in connection with "Plaintiff's negotiable instrument, collateral and the sales and profits from the use of Plaintiff's alleged obligation" and BNYM's alleged misuse of "the alleged obligation and undisclosed profits without compensation for such use to Plaintiff"; (7) unjust enrichment based on Defendants' conspiracy "to create" a "securitization scheme" that "was designed to avoid any and all Federal Income Tax," and "receive the credit default/swap derivative benefits at the same time they reclaim the real estate once in foreclosure;" and (8) "unclean hands" arising from Defendants' conspiracy "to create the most toxic financial products in the financial system since the Great Depression," effectuation of foreclosure in which they "fraudulently misrepresent[] their legal standing," and misrepresentation of "their effective tax liability."  (Dkt. No. 1, at 17–25).

The proposed amended complaint deletes the Doe Defendants and although it also deletes the FDCPA and FCRA cause of action, it continues to cite the FDCPA as a basis for "Jurisdiction, Venue, and Interpleader." (Dkt. No. 66, at 15–36). In addition, the proposed amended complaint seeks to proceed "by interpleader" under Rule 22. (*Id.*).[9]

---

[9] Plaintiff also appears to bring federal claims under the Truth In Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). (Dkt. No. 1, at 12; Dkt. No. 66, at 20). However, as BNYM and McCabe, Weisberg & Conway note, other than a citation to the TILA and RESPA in the "Jurisdiction and Venue" section, neither the original complaint nor the proposed amended complaint contain any other reference to either statute and do not appear to allege facts in support of claims under the TILA or RESPA. (Dkt. No. 14-1, at 8 n.1; Dkt. No. 55-8, at 8–9). Accordingly, even viewed liberally, the Court finds no basis to construe Plaintiff's pleadings as raising claims under TILA and RESPA and therefore need not discuss those statutes further.

The Court evaluates the motions in light of the claims asserted in the original complaint and proposed amended complaint.

## V.     STANDARD OF REVIEW

"When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds . . . the Court must consider the Rule 12(b)(1) motion first." *Craig v. Saxon Mortg. Servs., Inc.*, No. 13-cv-4526, 2015 WL 171234, at *4, 2015 U.S. Dist. LEXIS 3819, at *11–12 (E.D.N.Y. Jan. 13, 2015) (internal quotations and citation omitted). A motion to dismiss under the *Rooker-Feldman* doctrine is considered a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club*, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5.

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

## VI.   ANALYSIS

### A.   *Rooker-Feldman*

Defendants argue that the original complaint and proposed amended complaint are barred by the *Rooker-Feldman* doctrine. (Dkt. Nos. 14-1, 55-8, 75-3). Plaintiff responds that *Rooker-Feldman* does not apply where, as here, the state court order was invalid. (Dkt. No. 67, at 9).

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *see Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (explaining that the *Rooker-Feldman* doctrine bars federal claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). There are four "requirements" that must be satisfied before *Rooker-Feldman* applies: (1) the "federal-court plaintiff must have lost in state court," (2) the plaintiff "must complain of injuries caused by a state-court judgment," (3) the plaintiff "must invite district court review and rejection of that judgment," and (4) the state-court judgment "must have been rendered before the district court proceedings commenced." *Green*, 585 F.3d at 101 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)) (internal quotation marks and brackets

omitted). The underlying principle of the *Rooker-Feldman* doctrine is that "within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85.

Here the Court finds the *Rooker-Feldman* doctrine bars Plaintiff's claims for declaratory and injunctive relief, as well as Plaintiff's "lack of consideration," "accounting," "unjust enrichment," and "unclean hands" claims. The first and fourth *Rooker-Feldman* requirements have been met, as the Columbia County Supreme Court entered a Judgment of Foreclosure and Sale against Plaintiff and in favor of BNYM prior to the commencement of this action. *See, e.g.*, *Hylton*, 338 F. Supp. 3d at 274 (finding the first and fourth requirement "clearly met" when the federal plaintiff lost in a foreclosure action in state court prior to the filing of the federal case). Plaintiff argues, as a general proposition, that *Rooker-Feldman* does not prohibit this Court from addressing her claims since the state court's orders "are void" for lack of jurisdiction. (Dkt. No. 67, at 9). However, as discussed below, because many of Plaintiff's claims, including those challenging the state court's jurisdiction, seek "to undo the [state court] judgment" imposed against her in connection with the foreclosure on her property, it is "the paradigm situation in which *Rooker–Feldman* precludes a federal district court from proceeding." *Exxon Mobil Corp*, 544 U.S. at 293 (internal quotation marks omitted). The Court therefore considers the second and third *Rooker-Feldman* requirements as to each claim.

### 1.   Declaratory Relief

Plaintiff's request for a declaration that amounts to striking from the country record the referee's deed filed with the Columbia County Clerk on October 4, 2022 and as a declaration that "judgment of foreclosure and sale . . . void for want to jurisdiction and Defendant's lack of standing to foreclose" and that "[t]he underlying mortgage transaction is usurious and constitutes fraud in the factum and is void," (Dkt. No. 1, at 18), directly challenges the foreclosure

proceeding and resulting determination. The proposed amended complaint similarly asserts that "the 'state court' was acting as a commercial trading participant" and thus had "the status of a private citizen," that BNYM lacked standing to foreclose, the state court lacked jurisdiction over BNYM, and that the findings, orders, and sales resulting from the state court proceeding are "void." (Dkt. No. 66, at 28–29). As the claims for declaratory relief challenge the outcome of the state court proceeding, they are barred by the *Rooker-Feldman* doctrine. *See Gifford v. United N. Mortg. Bankers, Ltd.*, No. 18-cv-6324, 2019 WL 2912489, at *10, 2019 U.S. Dist. LEXIS 112796, at *28–29 (S.D.N.Y. July 8, 2019) (dismissing the "plaintiff's claim for 'declaratory relief'" as "barred by the *Rooker-Feldman* doctrine because [the plaintiff] specifically seeks to have her note and mortgage be declared 'void[ ]'"). Thus, Plaintiff's declaratory relief claim is dismissed as barred by *Rooker-Feldman* and Plaintiff's motion to amend with respect to this claim is denied as futile.

### 2.    Injunctive Relief

Plaintiff's request, as set forth in the original complaint, for an order enjoining Defendants from "taking possession of the Property" and from "the unlawful sale of Plaintiff's home without a valid deed and security interest," which was "scheduled to be held with Altisource Online Auction, Inc. on October 31, 2022," (Dkt. No. 1, at 19–20), implicates the determinations made in the foreclosure proceeding as well as the issuance of the judgment of foreclosure. The request for injunctive relief contained in the proposed amended complaint similarly seeks an order "prohibiting Respondents from taking possession of her real property" and "enjoining Respondents from further abuse" and "misconduct." (Dkt. No. 66, at 34–35). Thus, Plaintiff's injunctive relief claims are barred by *Rooker-Feldman* and Plaintiff's motion to amend with respect to this claim is denied as futile.

### 3.    "Lack of Consideration"

In support of her "lack of consideration" claim, the original complaint alleges that "the Promissory Note allegedly signed at the closing . . . was a contract" but that Defendants "failed to provide Plaintiff any benefit or consideration for said contract." (Dkt. No. 1 at 21). Plaintiff further asserts that her "obligation . . . under the note, may have been satisfied by numerous third parties" and that she is "entitled to receive" all benefits conferred upon her as a result of lender's receipt of proceeds from the securitization of her note and failure to give adequate due performance." (*Id.*). The proposed amended complaint retitles the claim "failure of consideration" but otherwise repeats the allegations in the original complaint adding only that the "claims made by respondents places Claimant in the position of . . . multiple liability subject to an action in Interpleader." (Dkt. No. 66, at 29–31). Construed liberally, Plaintiff's allegations regarding "consideration" amount to a challenge to the underlying contract or mortgage. In entering judgment in BNYM's favor, the state court found that BNYM was entitled "to recover upon said mortgage herein the sum of $316,593.05, with interest." (Dkt. No. 14-3, at 3). As the state court's entry of judgment in BNYM's favor constitutes a finding that that BNYM was entitled to recover under the contract at issue, the Court cannot pass upon Plaintiff's lack of consideration claim "without inviting a 'review and rejection' of the state court's judgment." *Powell v. Ocwen Loan Servicing, LLC*, 840 F. App'x 610, 613 (2d Cir. 2020) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284); *see also*, *e.g.*, *id.* at 612–13 (affirming district court's conclusion that *Rooker-Feldman* barred the plaintiff's breach of contract cause of action explaining that "[b]ecause the validity of the loan modification agreement lay at the heart of both the state court's foreclosure judgment and these two claims, the district court could not have passed upon these claims without inviting a 'review and rejection' of the state court's judgment").

Accordingly, Plaintiff's "lack of consideration" claim is dismissed as barred by *Rooker-Feldman* and Plaintiff's motion to amend with respect to this claim is denied as futile.

### 4.      "Accounting"

In the original complaint and proposed amended complaint, Plaintiff asserts that BNYM failed to utilize "uniform accounting principles consistent" with federal securities regulations and has misrepresented "values of assets in their accounting records to inflate the receivables in an effort to . . . receive compensation above par in their securitization machine." (Dkt. No. 1, at 22–23; Dkt. No. 66, at 31–32). Plaintiff claims that BNYM therefore "owes to Plaintiff an offsetting entry to Plaintiff's alleged obligation." (Dkt. No. 1, at 22; Dkt. No. 66, at 32). As Plaintiff challenges the amount the state court found BNYM was entitled to recover under the mortgage, Plaintiff's claim is a challenge to the state court's judgment and is barred by *Rooker-Feldman*. Accordingly, Plaintiff's "accounting" claim is dismissed as barred by *Rooker-Feldman* and Plaintiff's motion to amend with respect to this claim is denied as futile.

### 5.      "Unjust Enrichment"

Plaintiff alleges that "the securitization scheme that Defendants and their unknown counterparties conspired to create was designed to avoid any and all Federal Income Tax, leave all liability with the investors as to the actual cash received then receive the credit default swap/derivative benefits at the same time they reclaim the real estate once in foreclosure." (Dkt. No. 1, at 24). Plaintiff alleges that "such a scheme unjustly enriches Defendants and their counterparties while leaving" their clients "without a safe home to maintain." (*Id.*). Although the proposed amended complaint contains minor alterations, the substantive allegations are unchanged. (*See*, *e.g.*, Dkt. No. 66, at 32 (alleging "the securitization scheme that Defendants and their unknown counterparties conspired to create was designed to avoid any and all Federal Income Tax, leave all liability with *Claimant and* the investors as to the actual cash received then

receive the credit default swap/derivative benefits at the same time they reclaim the real estate once *foreclosed as acquired through abandonment*") (emphasis added)). Plaintiff adds that due to this "scheme" she "is now exposed to multiple liabilities subject to an action in Interpleader." (*Id.*). As Plaintiff's allegations directly challenge the foreclosure of her property and claim that Defendants were unjustly enriched as a result of the foreclosure, it "impermissibly seeks review and rejection of a state court judgment," *Gifford*, 2019 WL 2912489, at *9, 2019 U.S. Dist. LEXIS 112796 , at *25 (quoting *Charles v. Levitt*, 716 F. App'x 18, 21 (2d Cir. 2017)), and is therefore barred by the *Rooker-Feldman* doctrine. *See id.* 2019 WL 2912489, at *9, 2019 U.S. Dist. LEXIS 112796, at *25–26 (dismissing unjust enrichment claim as barred by *Rooker-Feldman*, explaining that it was "clear from plaintiff's claim that her alleged injury is the loss of the Property in the foreclosure and holdover proceedings and, thus, was caused by the underlying state court judgments"); *see also Horsburgh v. Bank of Am., N.A.*, No. 21-cv-07945, 2023 WL 2648394, at *5, 2023 U.S. Dist. LEXIS 52061, at *14 (S.D.N.Y. Mar. 27, 2023) (concluding that unjust enrichment, intentional interference with prospective economic advantage, fraudulent conveyance, conversion, and imposition of a constructive trust, "are inextricably intertwined with the Foreclosure Action and would require overturning the judgment made within, and therefore the substantive requirements of the *Rooker-Feldman* doctrine are met"). Accordingly, Plaintiff's unjust enrichment claim is dismissed as barred by *Rooker-Feldman* and Plaintiff's motion to amend with respect to this claim is denied as futile.

### 6.    Unclean Hands

In the original complaint, Plaintiff alleges that "Defendants in their capacities to effectuate foreclosures are fraudulently misrepresenting their legal standing and if proven through the course of this litigation will be rendered with unclean hands." (Dkt. No. 1, at 25). Plaintiff further alleges that because Defendants "misrepresented their effective tax liability to

the Federal Government," they "have no standing to be awarded relief under equity." (*Id.*). The proposed amended complaint's allegations are similar, and appear to rephrase the allegations in the original complaint to include interpleader allegations. (*See*, *e.g.*, Dkt. No. 66, at 33 ("Respondents in their capacities to effectuate foreclosures are fraudulently misrepresenting their want of *Persona Standi in Judicio* and the jurisdiction and nature of the court hand have no equitable remedy in an action in Interpleader.")). Even construed liberally, because any determination with respect to Plaintiff's allegations that Defendants lacked standing in the underlying foreclosure action would require the Court to review and reject the state court judgment in BNYM's favor, Plaintiff's unclean hands claim is dismissed as barred by *Rooker-Feldman*. *See Barbato v. U.S. Bank Nat'l Ass'n*, No. 14-cv-2233, 2016 WL 158588, at *3, 2016 U.S. Dist. LEXIS 4008, at *7–8 (S.D.N.Y. Jan. 12, 2016) (explaining that because the "Plaintiffs appear to be arguing that Defendant lacked standing to foreclose or procured the foreclosure through fraudulent means" and because the court "would need to review and reject the state court judgment" to grant the relief sought, review was "inappropriate under *Rooker-Feldman*"). Accordingly, Plaintiff's "unclean hands" claim is dismissed as barred by *Rooker-Feldman* and Plaintiff's motion to amend with respect to this claim is denied as futile.

### 7. Punitive Damages

Plaintiff requests compensatory and punitive damages in the original complaint, (Dkt. No. 1, at 25), but appears to seek only declaratory and equitable relief in the proposed amended complaint, (Dkt. No. 66, at 25–36). To the extent Plaintiff seeks compensatory and punitive damages for fraud during the foreclosure proceeding, but still claims injury caused by the foreclosure proceeding and invites the court to review the foreclosure judgment, those claims are barred by *Rooker-Feldman*. *See, e.g., Francis v. Nichols*, No. 16-cv-1848, 2017 WL 1064719, at *6 n.5, 2017 U.S. Dist. LEXIS 40714, at *17 n.5 (S.D.N.Y. Mar. 21, 2017) (suggesting that

claims centering on defendants' "wrongful assertion of standing entitling them to pursue foreclosure" were barred, even though the plaintiff requested damages, because holding that defendants did not have standing would require the court to review and reject the state court's holding that they did); *Webster v. Wells Fargo Bank, N.A.*, No. 08-cv-10145, 2009 WL 5178654, at *9, 2009 U.S. Dist. LEXIS 120952, at *25 (S.D.N.Y. Dec. 23, 2009) (dismissing plaintiff's claims for damages and punitive damages resulting from her foreclosure, as *Rooker-Feldman* "bars Plaintiffs 'from raising claims that allege injuries resulting from the state[-]court judgment permitting foreclosure to proceed'" (citation omitted)). However, *Rooker-Feldman* "generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would 'not require the federal court to sit in review of the state court judgment.'" *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022) (quoting *Vossbrinck*, 773 F.3d at 427); *see also Francis*, 2017 WL 1064719, at *5, 2017 U.S. Dist. LEXIS 40714, at *13–14 ("Fraud claims are not barred by *Rooker-Feldman* if (i) they seek damages for injuries suffered from the alleged fraud and (ii) their adjudication 'does not require the federal court to sit in review of the state court judgment.'"); *Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) ("The *Rooker–Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment."); *Beasley v. Indy Mac Bank*, 16-cv-4629, 2018 WL 1611667, at *7, 2018 U.S. Dist. LEXIS 31883, at *19–20 (E.D.N.Y. Feb. 26, 2018) ("[A] liberal reading of Plaintiff's *pro se* Complaint indicates that it is this underlying alleged conduct—the alleged misrepresentations and failures to disclose related to the mortgage loan's origination, servicing, and securitization

. . .—for which Plaintiff seeks redress, rather than the state court judgment itself. The state court judgment and alleged conduct forming the basis for Plaintiff's claims are therefore independent and separate from one another, precluding application of *Rooker-Feldman*." (collecting cases)), *report and recommendation adopted by* 2018 WL 1611382, 2018 U.S. Dist. LEXIS 56841 (E.D.N.Y. Mar. 31, 2018).

Here, the Court, reading Plaintiff's pro se allegations liberally, cannot discern a theory of injury underlying Plaintiff's request for punitive damages involving fraud *independent of* the foreclosure judgment and which does not ask the Court to review that judgment. Plaintiff's complaint is therefore dismissed without prejudice in its entirety under the *Rooker-Feldman* doctrine.[10] Furthermore, the Court notes that to the extent Plaintiff seeks to bring a claim for damages based on fraud that is not barred by *Rooker-Feldman* she would need to adequately plead the claim under Fed. R. Civ. P. 9(b). To allege fraud under New York law, Plaintiff must allege "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[,] and damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009). Plaintiff must allege "specific facts as to the fraud, including the misleading statements, speaker, time, place, individuals involved, and specific conduct at issue." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011) (citing Fed. R. Civ. P. 9(b)). Rule 9(b) requires that a complaint: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). Accordingly, Plaintiff's request for compensatory and punitive damages is dismissed as barred by *Rooker-Feldman* and Plaintiff's

---

[10] In light of this holding, the Court need not reach Defendants' other arguments for dismissal.

motion to amend with respect to this claim is denied as futile. However, the Court grants Plaintiff leave to amend with respect to a fraud claim.

### 8.     FDCPA and FCRA

In the original complaint, Plaintiff alleges that Defendants violated the FDCPA by failing to provide debt validation, in violation of 15 U.S.C. § 1692(g), causing the "publication of Plaintiff's family home for sale and public auction website," in violation of 15 U.S.C. § 1692(d)(4), and misrepresenting to the court and the public that their foreclosure action was lawful, in violation of 15 U.S.C. §§ 1692(e)(2)(A), 1692(e)(5). Reading Plaintiff's collection-related allegations liberally, she asserts that Defendants violated the FDCPA while attempting to collect on the debt awarded under the judgment of foreclosure. Because Plaintiff's "collection-related claims allege injuries" that were allegedly "caused not by the state court judgment itself but by defendants' alleged misconduct in attempting to collect under that judgment," they are not barred by *Rooker-Feldman. Hines v. HSBC Bank USA*, No. 15-cv-3082, 2016 WL 5716749, at *5, 2016 U.S. Dist. LEXIS 141651, at *16–17 (E.D.N.Y. Sept. 30, 2016). Plaintiff's FCRA claim—that "Defendants have continued to report negative information to the credit bureaus in direct violation of FCRA, 15 U.S.C. § 1681(a)" likewise concerns conduct and alleged injuries arising after the state court judgment. Thus, it is not barred by *Rooker-Feldman. Horsburgh*, 2023 WL 2648394, at *6, 2023 U.S. Dist. LEXIS 52061, at *15 (concluding that FCRA claim was "not precluded under the *Rooker-Feldman* doctrine, where a reading of the complaint in the light most favorable to the plaintiff showed that the FCRA claim did "not clearly appear to complain of injury caused by the Foreclosure Action"). Accordingly, Defendants' motions to dismiss the FDCPA and FCRA claims as precluded by *Rooker-Feldman* are denied.

Defendants argue that even if *Rooker-Feldman* does not apply, "Plaintiff's claims are barred under the 'ordinary preclusion principals' [sic] of *res judicata* and collateral estoppel."

(Dkt. No. 14-1, at 14–15 (quoting *Wenegieme v. U.S. Bank Nat'l Ass'n*, No. 16-cv-6548, 2017 WL 1857254, at *8, 2017 U.S. Dist. LEXIS 68909, *21 (S.D.N.Y. May 4, 2017)); Dkt. No. 55-8, at 4–5; Dkt. No. 75-3, at 4–6). However, none of the Defendants cite any caselaw or provide any analysis of res judicata or collateral estoppel in the context of Plaintiff's FDCPA or FCRA claims. The Court therefore has no basis for applying these principles here.

### B.   Failure to State a Claim

#### 1.   FDCPA

Defendants BNYM, MIT, and McCabe, Weisberg & Conway argue that Plaintiff's FDCPA claims must be dismissed as barred by the statute of limitations. (Dkt. No. 14-1, at 17–19; Dkt. No. 55-8, at 5). Plaintiff has not responded to this argument.

Congress enacted the FDCPA in order to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In furtherance of this goal, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). "To establish a violation under the FDCPA, (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013) (citing *Schuh v. Druckman & Sinel L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010)).

As noted, Defendants seek dismissal of Plaintiff's FDCPA claims on the basis that they are barred the FDCPA's one-year statute of limitations. The Court agrees. An FDCPA claim

must be brought "within one year from the date on which the violation occurs." 15 U.S.C. §
1692k(d). "Although the statute of limitations is ordinarily an affirmative defense that must be
raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if
the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774
F.3d 791, 798 n.12 (2d Cir. 2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406,
425 (2d Cir. 2008)). Plaintiff filed the original complaint in October 2022, thus any FDCPA
violation that occurred prior to October 2021 is barred by the statute of limitations. With two
exceptions, because all actions alleged in the Complaint with respect to the foreclosure occurred
between 2006 and 2017, more than four years prior to Plaintiff's filing of this action, they are
time-barred. The two exceptions consist of Plaintiff's allegations that Defendants filed a
fraudulent referee's deed on October 4, 2022, and "scheduled the auction and sale of the
premises for October 31, 2022." (Dkt. No. 1, at 14–15). While these events are not time-barred
under the FDCPA, the Complaint contains no factual allegations regarding any communications
with Plaintiff or that would allow a plausible inference that Defendants' filing of the referee's
deed or second sale of the premises constituted actionable conduct under there FDCPA.
Accordingly, the motions to dismiss by Defendants BNYM, MIT, and McCabe, Weisberg &
Conway is granted.

### 2.    FCRA

Defendants BNYM, MIT, and McCabe, Weisberg & Conway seek dismissal of Plaintiff's
FCRA claims as time-barred. (Dkt. No. 14-1, at 18–19; Dkt. No. 55-8, at 5–6). However, as the
FCRA provides a statute of limitations of up to five years, 15 U.S.C. § 1681p, and, construed
liberally the Complaint alleges foreclosure activity continuing through October 2017, (*see* Dkt.
No. 1, at 34), approximately five years before Plaintiff's filing of the Complaint in October 2022,
the Court cannot say the statute of limitations defense appears on the face of the Complaint.

Defendants BNYM, MIT, and McCabe, Weisberg & Conway also seek dismissal of Plaintiff's FCRA claims on the ground that the original complaint fails to state a plausible claim for relief. (Dkt. No. 14-1, at 22–23; Dkt. No. 55-8, at 7–8). Plaintiff has not responded to this argument.

In the original complaint, Plaintiff alleges that "Defendants have continued to report negative information to the credit bureaus in direct violation of the FCRA." (Dkt. No. 1, at 18). The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007). Construed liberally, the complaint alleges that Defendants, as furnishers of information, supplied false information about her to credit reporting agencies, in violation 5 U.S.C. §§ 1681n, 1681o, and 1681s–2(b). *See Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008) ("Section 1681s–2(b) of the FCRA imposes a duty on furnishers of information to investigate disputed information after receiving notice of a dispute concerning the completeness or accuracy of information from a consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2).") (quotation marks and alteration omitted), *aff'd*, 360 F. App'x 255 (2d Cir. 2010).

"To prevail on such a claim, a plaintiff must show that '(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in willful or negligent noncompliance with the statute.'" *Pottetti v. Educ. Credit Mgmt. Corp.*, No. 19-cv-4479, 2020 WL 5645194, at *6, 2020 U.S. Dist. LEXIS 173842, at *14–15) (E.D.N.Y. Sept. 22, 2020) (quotation mark omitted) (quoting *Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 343–44 (E.D.N.Y. 2012)).

The complaint alleges no facts that would allow a plausible inference that Defendants BNYM, MIT, or McCabe, Weisberg & Conway received notice of a credit dispute from a credit

reporting agency or that these Defendants acted in willful or negligent noncompliance with the FCRA. Nor does the complaint contain any allegations of harm to Plaintiff's credit or otherwise as a result of Defendants' purported violation of the FCRA. *Pottetti*, 2020 WL 5645194, at *6, 2020 U.S. Dist. LEXIS 173842, at *15 (dismissing FCRA claim where the plaintiff failed to allege "any interactions with Defendant disputing a credit report" or that he suffered "a harm caused by Defendant that makes his claim actionable under the FCRA"). Accordingly, the motions to dismiss by Defendants BNYM, MIT, and McCabe, Weisberg & Conway are granted and Plaintiff's FCRA claim as to those Defendants is dismissed.

### 3.     Interpleader

The proposed amended complaint adds a claim for "interpleader," but otherwise advances many of the same claims as the original Complaint, including claims for: declaratory judgment, "failure of consideration," "accounting," unjust enrichment, unclean hands, and injunctive relief. (Dkt. No. 66, at 15–36). An interpleader action "is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fidelity Brokerage Serv., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Washington Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)). "Rule 22 of the Federal Rules of Civil Procedure is merely a procedural device; it confers no jurisdiction on the federal courts and thus, an interpleader action brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction," either federal question or diversity jurisdiction. *Hartford Life Ins. Co. v. Simonee*, No. 14-cv-7520, 2015 WL 8490998, at *2, 2015 U.S. Dist. LEXIS 166433, at *5 (E.D.N.Y. Dec. 10, 2015) (alteration and quotation marks omitted). Here, there are no allegations in the proposed amended complaint that Plaintiff is facing "multiple claims against the same fund" or any basis for proceeding by interpleader. Moreover, because the

complaint and proposed amended complaint fails on the merits as to all defendants, and Rule 22 is "merely a procedural device," to the extent Plaintiff seeks to proceed by interpleader, her motion to amend is denied as futile.

Accordingly, for all the reasons stated above, Defendants' motions to dismiss are granted and Plaintiff's motion to amend is denied as futile. However, in light of Plaintiff's pro se status, the Court will afford Plaintiff the opportunity to file an amended complaint curing the deficiencies identified herein. Specifically, while Plaintiff is granted leave to file an amended complaint against Defendants BNYM, MIT, and McCabe, Weisberg & Conway for fraud and for violations of FDCPA and FCRA, any amended complaint must address the deficiencies identified in Sections VI.A.7., B.1. & 2. Plaintiff does not have permission to amend the claims barred by the *Rooker-Feldman* doctrine because any amendment would be futile. Any amended complaint must be filed within 30 days of the date of this decision and must bear Plaintiff's original signature, and must be a complete pleading which will supersede and replace the original complaint in its entirety.

Plaintiff is forewarned that if she fails to submit an amended complaint in this action within thirty (30) days of the filing date of this Decision and Order, this action will proceed solely as to the FDCPA and FCRA claims alleged in the original complaint against Defendant Zacker and "Does 1-100." The Court notes that the FDCPA and FCRA claims, unlike the state law claims, are not subject to dismissal under *Rooker-Feldman* for lack of jurisdiction and that Defendant Zacker has not moved to dismiss as to those claims.[11]

---

[11] "A challenge under the *Rooker–Feldman* doctrine is for lack of subject matter jurisdiction . . . and may be raised at any time by either party or sua sponte by the court." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996) (citations omitted), *abrogated on other grounds as recognized in Hoblock v. Albany County Bd. of Elections*, 432 F.3d 77, 85 (2d Cir. 2005). The Court further notes that Defendant Zacker raised the *Rooker-Feldman* doctrine in his opposition to Plaintiff's motion to amend, (Dkt. No. 75-3, at 2–4), and that Plaintiff, in addition to being on notice regarding the potential application of *Rooker-Feldman* doctrine as it was raised in the motions to

**VII.    CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the motions to dismiss (Dkt. Nos. 14, 55) by Defendants BNYM, MIT,

and McCabe, Weisberg & Conway are **GRANTED** and that: (1) Defendants BNYM, MIT, and

McCabe, Weisberg & Conway are **DISMISSED** as defendants from this case; (2) that Plaintiff's

state law claims for declaratory judgment, injunctive relief, "lack of consideration,"

"accounting," unjust enrichment, and unclean hands are **DISMISSED without prejudice but**

**without leave to amend**; and (3) that Plaintiff's claim for compensatory or punitive damages

based on a claim of fraud and FDCPA and FCRA claims against Defendants BNYM, MIT, and

McCabe, Weisberg & Conway and are **DISMISSED without prejudice to repleading**; and it is

further

**ORDERED** that Plaintiff's motion to amend (Dkt. No. 66) is **DENIED** as futile; and it is

further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date

of this Memorandum-Decision and Order and that if Plaintiff does not file an amended complaint

within thirty (30) days of the date of this Memorandum-Decision and Order this action will

proceed solely as to the FDCPA and FCRA claims alleged in the original complaint against

Defendant Zacker and "Does 1-100"; and it is further

---

dismiss by the other defendants, had the opportunity to reply, (Dkt. No. 83). By contrast, Defendant Zacker did not
address the FDCPA or FCRA claims.

**ORDERED** that the Clerk is directed to terminate Plaintiff's motion for service by publication (Dkt. No. 34) as Rosicki, Rosicki & Associates, P.C. have been dismissed as a defendant in this action; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>July 10, 2023</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge