UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANNA THERESA BALASH,

                                  Plaintiff,                    1:22-cv-01120 (BKS/DJS)

v.

THE BANK OF NEW YORK MELLON TRUST
COMPANY, NATIONAL ASSOCIATION F/K/A THE
BANK OF NEW YORK TRUST COMPANY, N.A. AS
SUCCESSOR TO JP MORGAN CHASE BANK N.A. AS
TRUSTEE FOR RAAC2006-SP2; MORTGAGEIT, INC.;
MCCABE, WEISBERG & CONWAY LLC; MAX
NICOLAS ZACKER ESQ.; and DOES 1–100,

                                  Defendants.
_____

**Appearances:**

*Plaintiff Pro Se:*
Anna Theresa Balash
Astoria, New York

*For Defendants The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee for RAAC 2006SP2 and MortgageIT, Inc.:*
Adam P. Hartley
Greenberg Traurig, LLP
One Vanderbilt Ave.
New York, New York 10017

*For Defendant McCabe, Weisberg & Conway, LLC:*
Kenneth Britt
McCabe, Weisberg & Conway, LLC
1 Huntington Quadrangle, Suite 4N25
Melville, New York 11747

*For Defendant Max Nicholas Zacker, Esq.:*
Paul G. Ferrara
Costello, Cooney & Fearon, PLLC
211 West Jefferson Street
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Anna Theresa Balash, acting pro se, filed this action alleging that Defendants engaged in fraudulent conduct in connection with a foreclosure action in New York State Columbia County Supreme Court against the premises located at 222-224 Robinson Street, Hudson, New York ("the premises").[1] (Dkt. No. 1, at 10). Plaintiff named as Defendants: The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee for RAAC 2006SP2 ( "BNYM"); MortgageIT, Inc. ("MIT"); McCabe, Weisberg & Conway LLC; Max Nicholas Zacker, Esq.; and Does 1–100. (Dkt. No. 1). In her Complaint, Plaintiff asserted claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (*Id.* at 12). Plaintiff also asserted state law claims for declaratory judgment,

---

[1] In addition to this case, Plaintiff has filed two cases in, and removed two cases to, the Northern District of New York: *Balash v. U.S. Bank National Association ("Balash I")*, 23-cv-00614 (AMN/DJS) (N.D.N.Y. filed May 22, 2023); *U.S. Bank National Association v. Ioannides et al. ("Balash II")*, 23-cv-00233 (AMN/DJS) (N.D.N.Y. removed Feb. 22, 2023) (Notice of Removal filed by Anna Theresa Balash); *LoanCare, LLC v. Balash ("Balash III")*, 23-cv-00025 (GLS/DJS) (N.D.N.Y. removed Jan. 9, 2023); and *Balash-Ioannidou v. Contour Mortgage Corporation et al. ("Balash IV")*, 22-cv-00807 (GLS/DJS) (N.D.N.Y. filed Aug. 1, 2022). *Balash II* was remanded to state court on the grounds that, inter alia, removal was untimely and the state court complaint lacked claims under federal law. Text Order, *Balash II*, 23-cv-00233, (N.D.N.Y. Mar. 8, 2023), ECF No. 9. *Balash III* was remanded to state court on the ground that, inter alia, the removal was procedurally insufficient. Text Only Order, *Balash III*, 23-cv-00025, (N.D.N.Y. Jan. 13, 2023), ECF No. 5.

Plaintiff has also filed two cases in, and removed one case to, the Eastern District of New York: *Balash v. Wilmington Savings Fund Society, FSB ("Balash V")*, 1:23-cv-02482 (E.D.N.Y. filed Mar. 31, 2023); *Wilmington Savings Fund Society v. Balash-Ioannidou ("Balash VI")*, 1:22-cv-07177 (E.D.N.Y. removed Dec. 6, 2022); and *Balash-Ioannidou v. Contour Mortgage Corporation et al. ("Balash VII")*, 1:22-cv-04506 (E.D.N.Y. filed July 22, 2022). *Balash VI* was remanded on the grounds of improper removal. Order of Remand, *Balash VI*, 22-cv-07177 (E.D.N.Y. Dec. 9, 2022), ECF No. 5. *Balash VII* was dismissed under *Younger v. Harris*, 401 U.S. 37 (1971), on abstention grounds. Memorandum & Order, *Balash VII*, 22-cv-4506 (E.D.N.Y. Aug. 15, 2022), ECF No. 9.

injunctive relief, "lack of consideration," "accounting," unjust enrichment, and unclean hands. (Dkt. No. 1, at 20–25). In a Memorandum-Decision and Order entered on July 10, 2023 ("July Order"), the Court granted in part and denied in part Defendants' motion to dismiss, dismissing all claims and Defendants except the FDCPA and FCRA claims against Defendant Zacker. (Dkt. No. 85, at 28). The Court, however, also granted Plaintiff leave to file an amended complaint within thirty days. (*Id.*). Presently before the Court are Plaintiff's "Motion for Certification and Bifurcation of Final Judgment" under Federal Rules of Civil Procedure 52(b),(c), and 54(b). (Dkt. No. 86). Specifically, Plaintiff seeks entry of findings of fact and conclusions of law under Rule 52, and entry of partial judgment under Rule 54(b), so that she can immediately appeal the claims the Court in its July Order. (*Id.*). Plaintiff also requests an extension of time to file an amended complaint. (*Id.* at 7). The BNYM and MIT Defendants oppose Plaintiff's motion and the motion is fully briefed. (Dkt. No. 88, 93, 94, 97). For the following reasons, Plaintiff's motion is denied and her request for an extension to file an amended complaint is granted.

**II. DISCUSSION**

    **A. Findings of Fact and Conclusions of Law under Fed. R. Civ. P. 52(b) and (c)**

Citing Rules 52(b) and (c), Plaintiff seeks "specific findings of fact and conclusions of law related to the presentation of the existence of registry funds deposited and invested in the Court Registry Investment System." (Dkt. No. 86, at 1). Plaintiff's request is denied. Rule 52(a)(3) specifically states that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . or, unless these rules provide otherwise, on any other motion." Because Plaintiff seeks findings of fact and conclusions of law in connection with the Court's ruling on Defendants' motions under Rule 12, Rule 52 is inapplicable. *See Izmirligil v. Whelan*, No. 14-cv-3309, 2015 WL 5024589, at *2, 2015 U.S. Dist. LEXIS 112562, at *3–4 (E.D.N.Y. Aug. 25, 2015) (finding Rule 52 inapplicable, explaining the court was not "'required

3

to state findings or conclusions when ruling on a motion [brought] under [FRCP] 12,' as defendant's motion was.") (alterations in original) (quoting Fed. R. Civ. P. 52(a)(3)). Accordingly, Plaintiff's request for findings of facts and conclusions of law under Rule 52(b) and (c) is denied.

B. **Certification under Fed. R. Civ. P. 54(b)**

Plaintiff seeks entry of partial judgment under Rule 54(b) with respect to her dismissed claims so that she may file an appeal as to these claims. (Dkt. No. 86, at 4–5). Defendants oppose Plaintiff's motion. (Dkt. No. 93, at 8–9).

"In general, there is a 'historic federal policy against piecemeal appeals.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Rule 54(b) allows an exception to that policy, providing that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "For a proper entry of partial final judgment under Rule 54(b), three requirements must be satisfied:"

> (1) [M]ultiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

*Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (quoting *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)). "The policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised

sparingly.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).

A district court should not grant Rule 54(b) certification and "enter final judgment dismissing a given claim unless that claim is separable from the claims that survive." *Hogan v. Conrail*, 961 F.2d 1021, 1026 (2d Cir. 1992) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987) ). The Second Circuit "has articulated several standards to aid in determining whether claims are separate for Rule 54(b) purposes:"

> Only "[w]hen the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court" may the certified claims "be considered separate claims under Rule 54(b)." We examine the relationships among a plaintiff's theories of recovery to determine whether they "lend themselves to review as single units, or whether they are so interrelated and dependent upon each other as to be one indivisible whole."
>
> We have also suggested that the existence of multiple claims turns on "whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." Commentators have interpreted this test to mean that "when a claimant presents a number of legal theories, but will be permitted to recover only on one of them," there exists only a single claim for relief.

*Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 141 (2d Cir. 2014) (citations omitted) (holding that the plaintiff's "five theories of breach [of contract] do not qualify as separate claims" as the "failures are alleged to have caused only a single harm" giving rise "to the same quantum of damages," regardless of "whether [the plaintiff] succeeds on one theory or five"). "In determining whether to grant Rule 54(b) certification, courts must also consider the equities involved, specifically whether 'postponing appeal until after a final judgment . . . will cause unusual hardship or work an injustice.'" *Jeffery v. City of New York*, No. 20-cv-2843, 2022 WL 2704760, at *3, 2022 U.S. Dist. LEXIS 122891 *6 (E.D.N.Y. July 12, 2022) (quoting

5

*Hogan*, 961 F.2d at 1026). A "determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court." *Harriscom*, 947 F.2d at 629.

Plaintiff seeks entry of final judgment under Rule 54(b) in connection with her state law claims for declaratory judgment, injunctive relief, "lack of consideration," "accounting," unjust enrichment, and unclean hands, which the Court dismissed without prejudice and without leave to replead on the ground that such claims are barred by the *Rooker-Feldman* doctrine, as well as her claims for compensatory or punitive damages based on a claim of fraud and FDCPA and FCRA claims against Defendants BNYM, MIT, and McCabe, Weisberg & Conway, which the Court dismissed without prejudice and with leave to amend. (Dkt. No. 85, at 27–28). At the time of the July Order, only Plaintiff's FDCPA and FCRA claims against Defendant Zacker remained. (*Id.* at 27).

Here, Defendants do not dispute that the first two factors are "arguably met" as there are multiple claims and multiple parties in this case and the Court has dismissed, without leave to replead, Plaintiff's claims for declaratory judgment, injunctive relief, "lack of consideration," "accounting," unjust enrichment, and unclean hands. (Dkt. No. 93, at 9; *see* Dkt. No. 85, at 28). However, Defendants assert that Plaintiff has failed to "even attempt to argue that her potential remaining claims are not related to the Dismissed Claims." (Dkt. No. 93, at 9). The Court agrees. All of Plaintiff's claims appear to stem from a mortgage on Plaintiff's property located at 222-224 Robinson Street, Hudson, New York, and a foreclosure action in New York State Supreme Court. (Dkt. No. 1, at 12–15); *see Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (explaining that presentation of a "unified" appeal "is particularly desirable where . . . the adjudicated and pending claims are closely related and stem from essentially the same factual allegations"). Thus, Plaintiff has failed to show her claims are separate.

6

The Court also finds Plaintiff's argument with respect to equity and hardship unpersuasive. Plaintiff contends that "the Court's avoidance of the registry funds issue, as a matter of the validity of the state court jurisdiction and authority, places the real property of Claimant at risk." (Dkt. No. 86, at 5). As the Court has dismissed Plaintiff's claims and Plaintiff has not been awarded any judgment or other recovery, "there is no 'unusual hardship' justifying a departure from 'normal federal practice.'" *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, No. 19-cv-10497, 2021 WL 1392849, at *3, 2021 U.S. Dist. LEXIS 71353, at *9 (S.D.N.Y. Apr. 13, 2021) (quoting *Hogan*, 961 F.2d at 1025); *see also New York ex rel. Khurana v. Spherion Corp.*, No. 15-cv-6605, 2018 WL 3046514, at *4, 2018 U.S. Dist. LEXIS 103350, at *11–12 (S.D.N.Y. June 20, 2018) (explaining that although courts have found that further delay would work an undue hardship where district courts have entered monetary judgments in a plaintiff's favor and "further delay in receiving the adjudged payment would work undue hardship on the plaintiffs" such hardship was not present as the plaintiff claims had been dismissed (first citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980) (affirming district court decision that plaintiff would suffer severe daily financial loss from nonpayment of $19 million judgment because current interest rates were higher than statutory prejudgment rate); and then citing *Ginett*, 962 F.2d at 1097 (affirming district court's decision to enter final judgment after granting plaintiff's claim for severance pay)). Plaintiff's motion for entry of partial judgment under Rule 54(b) is therefore denied.

### C. Extension of Time to File an Amended Complaint

Plaintiff "respectfully requests this Court grant an enlargement of time to amend the complaint, thirty (30) days after the ruling on this motion." (Dkt. No. 86, at 7). Plaintiff's request is granted. Any amended complaint must be filed within thirty (30) days of the date of this order.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff's motion for "Motion for Certification and Bifurcation of Final Judgment," (Dkt. No. 86) is **DENIED** to the extent it seeks entry of findings of fact and conclusions of law under Rule 52 and entry of partial judgment under Rule 54; and it is further

**ORDERED** that Plaintiff's request for an extension of time to file an amended complaint is **GRANTED**; and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order, and that any amended complaint must be a complete pleading that supersedes the original complaint in all respects and does not incorporate by reference any portion of the original complaint; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

8